STATE of Missouri, Plaintiff-Respondent,

v.

Willie Clay RHODES, Defendant-Appellant.

No. 48399.

Missouri Court of Appeals, Eastern District, Division One.

May 7, 1985.

John M. Walsh, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Attorney General's Office, Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant appeals his conviction of murder first degree. He was sentenced to a term of life imprisonment. We affirm.

Defendant, Willie Clay Rhodes, was indicted on April 30, 1983, for the murder of Frazier O. Pickens. The crime was allegedly committed by defendant, Gary Ingram and Tommy Lee Chatman.

On April 7, 1983, defendant and Chatman were arrested based on statements made by Ingram. Both defendant and Chatman refused to make a statement concerning the death of Pickens. At that time, Chatman inquired about the possibility of making a deal. The prosecution agreed. In exchange for statements, Chatman and defendant would be prosecuted for robbery first degree and not for capital murder. Defendant agreed to the deal and made a tape statement. The next day the state insisted that defendant submit to a lie detector test. Defendant refused to take the polygraph exam. The state revoked the agreement and charged and convicted defendant with first degree murder. Defendant's tape confession was played to the jury.

Defendant raises one point on appeal. Defendant contends that it was error to introduce the tape confession into evidence because the statement was given without a clear and knowing waiver of his right against self-incrimination. Defendant cites *State v. Chatman*, 682 S.W.2d 82 (Mo.App. 1984) as authority.

*Chatman* was a companion case. In *Chatman*, this court held that the state did not clearly explain that a polygraph examination was part of the deal. As a result, it was error to introduce the taped statements after the state aborted the deal.

*Chatman* does not control this case. Unlike *Chatman*, defendant denies that he made a deal with the state or that he made the statements that were introduced against him at trial. During arguments on defendant's motion to suppress statements, and during the trial itself, defendant denied he made the taped confession. He alleged that the tape was a fabrication, did not contain his voice, was made by somebody else and was not a statement given to the police by him. Further, defendant denied making a deal with the state.

As a result of defendant's own statements that he did not make the taped statements nor did he make a deal with the state, it was not error to admit the taped confession into evidence.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.